IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES E. JOHNSON, FL-4945,　　　　　)
　　　Petitioner,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　) 2: 10-cv-551
　　　　　　　　　　　　　　　　　　　　)
DISTRICT ATTORNEY OF THE　　　　　　)
COUNTY OF LAWRENCE, et al.,　　　　　　)
Respondents.　　　　　　　　　　　　　)

Report and Recommendation

I.. Recommendation:

It is respectfully recommended that the petition of James E. Johnson for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

James E. Johnson, and inmate at the State Correctional Institution at Fayette has presented a petition for a writ of habeas corpus. In an Order entered on May 4, 2010, the respondents and the District Attorney of Lawrence County were directed to respond and show cause, if any, why the relief sought should not be granted.

Johnson is presently serving a fourteen to twenty-eight year sentence imposed following his conviction, upon a plea of guilty to a 77 count information charging violations of drug control laws and related charges at No. CP-37-CR-593-2002 in the Court of Common Pleas of Lawrence

County, Pennsylvania. This sentence was imposed on June 24, 2003. [1] An appeal was taken to the Superior Court in which the sole issue presented was:

> Whether the sentence court erred in denying motion to modify sentence since pertinent information concerning confidential agreement between defendant and Commonwealth was disregarded in determination of his sentence? (sic.)[2]

The appeal was dismissed by the Superior Court on July 27, 2004 for failure to comply with the Court's procedural rules including failure to specify what provisions of the sentencing code had been violated.[3]

A petition for allowance of appeal was filed in which the issues presented were:

1 Whether the Petitioner had waived issues concerning the discretionary aspects of sentence since a Concise Statement per Order of Court was not filed timely pursuant to Pa.R.App.P. 1925(b)

2.Whether the Petitioner had waived issues concerning the discretionary aspects of sentence since a concise statement of the reasons relied upon did not contain a statement entitled Concise Statement as required by Pa.R.App.P. 2119( f).[4]

On July 19,2005, leave to appeal was denied.[5]

Johnson filed a post-conviction petition on September 15, 2004, and on January 24, 2007, the Court of Common Pleas reinstated the defendants right to file an appeal nunc pro tunc and on February 5, 2007 a notice of appeal was filed in which the issues presented were:

---

[1] See: Petition at §§ 1-6 and Pennsylvania Unified Judicial System Webportal, http://ujsportal.pacourts.us at CP-37-CR-593-2002

[2] See: Brief of appellant at 1816 WDA 2003.

[3] See: Attachment to the petition for allowance of appeal

[4] See: Petition for allowance of appeal. 1816 WDA 2003.

[5] See: CP-37-CR-593-2002.

I. Whether the Attorney General, as the prosecuting authority, breached a written executed Cooperation Agreement by failing to honor promises made within said Agreement in exchange for Appellant's guilty plea?

II. Whether the Trial Court erred in denying a Motion to Modify Sentence when pertinent information regarding the negotiated Cooperation Agreement between Appellant and the Commonwealth was disregarded in determination of sentencing?[6]

On January 3, 2008, the judgment of sentence was affirmed[7] A nunc pro tunc petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the issues presented were:

I. Whether error was committed in affirming the aforementioned judgment of sentence when defendant/petitioner/appellant meets the requirements for granting relief in seeking a modification of sentence.

A. Whether error was committed in failing to enforce a valid "Plea (Cooperation) Agreement" ...

B. Whether error was committed in affirming denial of a motion to modify sentence when information (including factual aspects of the charges against Petitioner) was disregarded in failing to enforce the "Plea (Cooperation) Agreement" ... [8]

On April 7, 2010, leave to appeal was denied.[9]

On April 27, 2010, the instant petition was executed. In it, Johnson contends he is entitled to relief on the grounds that the Commonwealth breached the "Plea (Cooperation) Agreement."[10]

---

[6] See: Brief of appellant, 275 WDA 2007.

[7] See: January 3, 2008 Memorandum of the Superior Court.

[8] See: Petition for allowance of appeal nunc pro tunc.

[9] See: Pennsylvania Supreme Court Docket, 390 WAL 2009.

[10] See: Petition at § 13.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254( d)(1), the writ may issue only if one of the following two conditions is satisfied -the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ...

clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Bronshtein v. Horn</u>, 404 F.3d 700, 723 (3d Cir.2005), cert .denied 546 U.S. 1208 (2006), the Court held:

> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was contrary to, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States ...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply ... ( citations omitted).

In the instant case, it would appear that the issue which the petitioner seeks to raise here was raised in the Pennsylvania appellate courts and for this reason is properly before this Court for consideration.

We further observe that in seeking federal habeas corpus relief following the entry of a guilty plea, a petitioner can only succeed in his challenge if he can demonstrate that the plea was not knowingly and intelligently entered with the advice of competent counsel. <u>Bradshaw v. Stumpf</u>, 545 U.S. 175 (2005); <u>Tollett v. Henderson</u>, 411 U.S. 258 (1973). This is very similar to

5

the Pennsylvania holding that:

> "[a] plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of sentence and the validity of his plea."

Commonwealth v. Jones, 963 A.2d 409, 427 (Pa. 2009).

The background to this prosecution is set forth in the January 3, 2008 Memorandum of the Superior Court quoting the trial court:

> Beginning in February of 2000, [Appellant] was the subject of an extensive investigation, which focused on drug trafficking in the New Castle, Lawrence County, Pennsylvania area. During this investigation and in accordance with court authorization, Agent [Robert] Shaffer [of the Pennsylvania Attorney General's Office] and Sergeant [Christopher] Bouye [of the new Castle Police Department], inter alia, intercepted several telephone conversations between [Appellant] and other individuals setting up deals to sell cocaine and other narcotics. Pursuant to this investigation, on October 30, 2001, a search warrant was executed upon the residence and automobile of [Appellant] and several items of contraband were recovered, subsequent to [Appellant's] arrest and seizure of the contraband items, [Appellant] entered into a "Cooperation Agreement" ... with the State Attorney General's Office whereby he agreed to testify at grand jury proceedings and any other trial which may arise against persons the prosecutor deemed "relevant to this narcotics investigation."
>
> One such individual deemed relevant to the investigation, and the basis of this controversy, was Earl Cliburn, another suspected drug trafficker in the New Castle area. The record demonstrates that the Attorney General's Office attempted to solicit information from [Appellant] regarding Mr. Cliburn and requested that [Appellant] testify against him at a grand jury proceeding, but [Appellant] claimed he was unaware of Mr. Cliburn's participation in drug trafficking. The Attorney General's office constantly attempted to gain data on Mr. Cliburn through [Appellant], but [Appellant] repeatedly refused to render any information. As a result, Ms. Karyn While, Esquire, the Deputy Attorney General assigned to [Appellant's] case, revoked the Agreement. Then, on June 24, 2003, following the revocation of the Agreement [Appellant] entered into an open guilty plea, and President Judge Pratt sentenced him to fourteen (14) to twenty-eight (28) years in a state correction[al] facility.[11]

---

[11] See: January 3, 2008 Memorandum of the Superior Court at pp. l-2.

The Superior Court referenced the Cooperation agreement which stated, in part:

> If [Appellant] fully cooperates and provides truthful information regarding Donald Carter and any other persons deemed relevant to this narcotics investigation, the Commonwealth will consider withdrawing the quantity of 4 (four) mandatory sentences [Appellant] is facing and will consider withdrawing the charges against his wife. This plea agreement in not final until approval from Harrisburg is acquired. Cooperation is defined as waiving the preliminary hearing, testifying in front of the grand jury without immunity and testifying at any other future hearings and/or trials, the Commonwealth deems [Appellant's] testimony necessary. All information provided by [appellant] must be truthful and without any omissions. This determination will be made by Deputy Attorney General Karyn While and Agent Robert Shaffer.

Thus the issue is whether the Commonwealth breached the terms of the Cooperation agreement, as the petitioner alleges, or whether the petitioner abrogated the Cooperation agreement as the Commonwealth alleges.

On April 9, 2003, the petitioner appeared in court to enter "a general plea [to the charges]. There is no recommendation from the Commonwealth." (4/9/03 TT. p.1). The petitioner acknowledged his understanding of the charges and penalties (4/9/03 TT. Pp.3-11). In addition, he executed a plea colloquy agreement acknowledging that he recognized that the maximum sentence which could be imposed was 429 years and a fine in excess of one million dollars; that he had discussed pleading with his attorney; that he had not been forced into entering the plea; that no threats or promises had been made to induce his plea and that he was making the plea freely.[12] The petitioner also made these statements on the record (4/9/03 TT. 11-20).

At the sentencing hearing on June 24, 2003, the Deputy Attorney General placed on the record her position that she had concluded that the petitioner had voluntarily chosen to end his cooperation (6/24/03 TT. pp. 3, 20). That hearing record further discloses that the prosecutor

---

[12] See: Copy of plea colloquy.

7

represented:

> prior to Mr. Johnson pleading guilty, Mr. Johnson and Mr. Lamancusa [defense counsel] were aware that that initial agreement about withdrawing the mandatories was off the table, that we were not going to make that offer anymore, it was not available to Mr. Johnson.
>
> We had further discussions, and Mr. Lamancusa informed me that Mr. Johnson would voluntarily plead guilty to all of the charges, the Commonwealth would seek the mandatory sentences on each of the drug cases, whether or not they would run consecutive or concurrent would be at the discretion of the Court. We would have no other arguments during sentencing other than what we've discussed here today regarding the cooperation so that Mr. Johnson knew when he pled guilty that the original deal of cooperation which the Court read into the record had long since been off the table, that it was not even a possibility that the Commonwealth would do that at the plea or at the sentencing (6/24/03 TT. 17-18).

In addition, at the October 5, 2006 post-conviction hearing, petitioner's trial counsel was questioned as to whether, prior to entering his guilty plea, the petitioner had learned that the cooperation agreement had been withdrawn, and that his choices were either to proceed to trial or enter a guilty plea with the Commonwealth expressing no opinion as to the mandatory sentencing provisions. Defense counsel concurred in this summation (10/5/08 TT.58). Finally, counsel was asked, "is it accurate to state that when the defendant entered his guilty pleas, he was fully aware that there was no promise of reduced – of eliminating mandatory minimums pursuant to the original cooperation agreement?" and responded affirmatively (10/5/08 TT.58).

Additionally, the Superior Court concluded as a factual determination that "we find no breach of the cooperation agreement by the Commonwealth (footnote 1: We note that even if Appellant had fully complied with the terms of the cooperation agreement, the Commonwealth needed to only consider withdrawing the charges against Appellant to uphold its end of the

8

agreement)"[13] As a factual determination, that conclusion is presumed correct. 28 U.S.C. 2254(e)(1).

Whether or not the Commonwealth properly withdrew the cooperation agreement is not in issue here, since at the time of his plea Johnson was fully informed of its withdrawal and his option either to proceed to trial or to enter a general plea. Whether or not he liked his options, the record clearly demonstrates that the petitioner knowingly and voluntarily, and with the assistance of counsel elected to enter a general plea of guilty. Thus, there is no demonstration that his conviction was obtained in any manner involving an unreasonable application of or in a manner contrary to any determination of federal law by the United States Supreme Court. For this reason, he is not entitled to relief here.

Accordingly, it is recommended that the petition of James E. Johnson for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability be denied.

Within fourteen (14) days after being served, any party may serve and file written objections to the Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: July 9, 2010                          United States Magistrate Judge

---

[13] See: January 3, 2008 Memorandum at p.7.